IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00321-CV

 

In the
Interest of D.S.S., a Child

 

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 24,146

 



MEMORANDUM  Opinion










 

            This is the second proceeding filed by
Stephens which requests relief from an order rendered by an associate judge and
adopted by the trial court.[1]  The
order holds Douglas in contempt for nonpayment of child support.  Douglas first attacked the order by an application for writ of habeas corpus.

            The application for a writ of habeas
corpus was based, primarily, upon Stephens’s arguments that 1) he had timely
appealed the associate judge’s ruling; and 2) no reporter’s record had been
made of the hearing before the associate judge and, therefore, the court could
not hold Stephens in contempt because there was no record to support the
judgment of contempt and he was, thus, precluded from showing error on appeal. 
Recognizing that Stephens was correct in his arguments, the Attorney General,
nevertheless, argued the application should be denied.  We denied the application
because Stephens had not yet been restrained in his liberties.  Id.  

            Because the time for a direct appeal
of the district court’s adoption of the associate judge’s ruling had passed,
Stephens then filed a restricted appeal.  Tex.
R. App. P. 25.1(d)(7); 26.1(c).  In this proceeding, the Attorney
General recognizes that “the order signed by the referring court on June 4, 2008 [sic-2007] is erroneous because he [Stephens] had timely filed a notice of
appeal to the referring court and it failed to hold a hearing on his appeal
before signing the order.”  AG’s brief at pg. 3.  The Attorney General notes
“Stephens would be correct and would be entitled to reversal but for one
thing:  the June 4th order is interlocutory.”  Id.

            The Attorney General contends that the
order which Stephens is trying to have reviewed is interlocutory because the
“order explicitly reserves an issue for future trial and decision.”[2] 
Thus, the Attorney General contends that although the order is erroneous,
because an issue was expressly reserved for trial and decision, the order is
therefore interlocutory and we are without jurisdiction to review it.

            Stephens contends, in reply, that
because the Family Code expressly makes every associate judge’s order that is
signed by the referring court reviewable, we have jurisdiction to review the
order.  See Tex. Fam. Code Ann.
§ 201.016 (Vernon Supp. 2007).

            We are compelled to agree with the
Attorney General.  The problem with Stephens’s contention is that the statute
does not expressly address the question of finality.  Further, the statutory
provision does not purport to be the exclusive provision for regulating all
aspects of appeals from such orders.  We find nothing about the statute that
causes us to conclude that its provision does away with the finality
requirement before bringing an appeal.  Thus, we conclude that because the
order expressly reserves determination of a pending issue, the order is
interlocutory and not subject to review until it is made final by some other
event.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001).  We, therefore, dismiss the appeal for want of jurisdiction.[3]

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed February 20, 2008

[CV06]









[1]
In yet a third proceeding, Stephens appeals
the divorce decree.  In the Matter of the Marriage of Charmane Stephens and
Douglas Val Stephens, No. 10-06-00398-CV.





[2]
The order contains the following provision:

The Court orders the issue of Nondisclosure
Finding shall be tried by consent of the parties on 9-13-2007 at 9:00 A.M.

Order Enforcing Child Support and Medical Support Obligations, pg. 6
of 10, CR pg. 11.





[3]
We are somewhat baffled by the Attorney
General’s continued defense of an order it agrees is erroneous.  It would seem
that the parties could bring this issue to the trial court’s attention and
proceed to the hearing on the record of the appeal from the associate judge’s
order to which Stephens contends he is entitled and the Attorney General
concedes was required.